M. J. O'MEARA *et al.* v. EDGAR McDANIEL.

1. COVENANTS — *Breach of Warranty* — *Damages.* In an action brought by a vendee of real estate against the vendor to recover damages for alleged breaches of covenants, where it is alleged and shown by the vendor that the vendee has been in the quiet and peaceable possession of the land, enjoying and collecting the rents and the profits thereof ever since the execution of the deed containing the covenants, it is error for the trial court to permit the vendee to recover the full amount of the consideration for the land with interest.

2. NOMINAL DAMAGES — *Error.* And in such a case, where the vendee has never been evicted from the land, and has never paid anything to remove any incumbrance therefrom, or to perfect his title, it is also error for the trial court to permit the vendee to recover more than nominal damages.

*Error from Meade District Court.*

ACTION by *McDaniel* against *O'Meara* and another, for breach of certain covenants in a deed. Judgment for plain-

tiff, at the September term, 1889. Defendants brings the case
to this court.

*Ady, Peters & Nicholson,* for plaintiffs in error:

The first question is the error committed by the trial court
in sustaining a demurrer to the fourth defense in the answer,
which is as follows:

"For a fourth and further defense to the petition of the
plaintiff, the defendant alleges as follows, to wit: That the
plaintiff, ever since the 24th day of March, 1887, was and
now is in the quiet and peaceable possession of the said lot
No. 14, in block No. 8, of the original survey of the city
of Meade Centre, Meade county, Kansas, and the improve-
ments thereon, to wit, a certain habitable dwelling and busi-
ness house, and used, collected, enjoyed, and converted to his
own use, and is now using, collecting, enjoying, and convert-
ing to his own use, the rents, issues and profits of the afore-
mentioned premises, to the amount of $500."

We contend that the allegation of McDaniel's occupancy
and enjoyment of the use of the property, as well as the reve-
nues derived from the rents thereof, was a proper defense
against any action for damages, and especially as against the
claim of interest upon the purchase-money, set forth in his
petition.    His petition asked not only for the purchase-money,
but also for 7 per cent. interest upon said amount, and it is
well settled in this state, that the use and occupancy of the
premises by the grantee is a defense to any claim for interest
upon purchase-money.    In the case at bar, the fourth defense
specifically alleged that McDaniel was in the possession of this
property ever since the conveyance had been made, and that
he had received the benefit of the rents of the same, which
amounted to $500, and this sum of money would have more
than canceled all interest upon the purchase-money, if indeed
McDaniel was entitled to recover in the action. *Stebbins v.
Wolf,* 33 Kas. 765; *Danforth v. Smith,* 41 id. 146.

The court in the trial of the case below adhered to the
theory that the question of possession by McDaniel had
nothing to do with the case, and ruled out all evidence tend-

ing to show that he was in possession, and also all evidence as to how long he had been in possession. Under the decisions we have cited, and in view of the fact that the jury in their verdict allowed McDaniel interest in the sum of $304.50, we think the judgment must be reversed.

There was also error in allowing the evidence of a paper which purported to be a certified copy or transcript of the decree and supplemental decree of the United States court for the district of Kansas, in the case of *W. W. McLane et al. v. Peter E. Hart et al.*, mayor of the city of Meade Centre, because no sufficient foundation had been laid for its introduction. The case-made shows that it contains all the evidence that was introduced. There is nothing in the testimony preliminary to the introduction of these papers to show that they came from any authentic source, or from any one who was entitled to have the custody of such records, and we submit that the introduction of these papers, without having them sufficiently identified, was error.

We contend farther, that before McDaniel was entitled to recover, there must be evidence showing an adverse assertion of hostile title; there must be an eviction of the grantee or a demand made of the land from him by one having a better title for it before the covenant of warranty could be said to be broken. Rawle, Cov. for Title (4th ed.), pp. 176, 177, 178, and notes. In the case at bar there was no adverse assertion of hostile title. It is true that a decree of the United States court was introduced which annulled the title to the grantee of O'Meara and Ewart, but the possession, so far as the evidence in the case, discloses, of McDaniel, never was disturbed even up to the day of the trial, and no one had asserted ·as against him or as against any one else any hostile title. This assertion of hostile title looking to an eviction need not necessarily be made by a judgment, or even in a suit. The eviction may be either an actual eviction or a constructive eviction but in the case at bar there was neither an actual nor a constructive eviction. McDaniel failed to show anything more than a decree of a court invalidating the title of his grantor,

and there is an absolute want of evidence of any assertion, by any one or any power, of hostile title.

*Bodle & Bodle, M. L. Brown,* and *L. J. Webb,* for defendant in error. No brief on file.

The opinion of the court was delivered by

VALENTINE J.: This was an action commenced in the district court of Meade county, on February 9, 1889, by Edgar McDaniel against M. J. O'Meara and M. H. Ewart, for damages for alleged breaches of certain covenants contained in a deed of conveyance of real estate executed by the defendants to the plaintiff on March 24, 1887. The covenants contained in the deed are as follows:

"That at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above-granted and described premises, with the appurtenances; that the same are free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and incumbrances, of what nature and kind soever; and that they will warrant and forever defend the same unto the said party of the second part, his heirs and assigns, against said parties of the first part, their heirs, and all and every person or persons whomsoever, lawfully claiming or to claim the same."

The supposed breaches of these covenants are alleged in the petition, as follows:

"That at the time of the execution and delivery of said deed, the defendants were not the true and lawful owners of said premises, nor were they lawfully seized in their own right of a good, absolute and indefeasible estate of inheritance in fee simple to said premises, nor had they good right, full power and lawful authority to grant, bargain, sell and convey the same, in manner and form asserted and set forth, and adopted in said deed."

The defendants answered to the plaintiff's petition, alleging, among other things, as follows:

"That the plaintiff, ever since the 24th day of March,

1887, was and now is in the quiet and peaceable possession of said lot No. 14, in block No. 8, of the original survey of the city of Meade Centre, Meade county, Kansas, and the improvements thereon, to wit, a certain habitable dwelling and business house, and used, collected, enjoyed, and converted to his own use, and is now using, collecting, enjoying, and converting to his own use, the rents, issues and profits of the aforementioned premises, to the amount of $500."

To this answer the plaintiff filed a paper entitled "Motion, demurrer, and reply." By it the plaintiff moved to strike out a portion of the defendants' answer, replied to another portion thereof, and demurred to still another portion thereof, to wit, to that portion above quoted, upon the ground that it did not state facts sufficient to constitute any defense to the plaintiff's action. The court below sustained that part of the paper filed called a "motion," and also that part called a "demurrer;" and a trial was had before the court and a jury upon the remainder of the pleadings. At the trial, the court again sustained the theory upon which it had previously sustained the plaintiff's so-called demurrer to the defendants' answer, by refusing to permit the defendants to show that the plaintiff was in the possession of the property in question and receiving and enjoying the rents and profits thereof. Judgment was rendered in favor of the plaintiff and against the defendants for $2,104.50. This included $1,800, the alleged consideration for the land in question, and $304.50 as interest. To reverse this judgment, the defendants, as plaintiffs in error, have brought the case to this court.

The judgment of the court below in this case must be reversed. As the plaintiff was in the quiet and peaceable possession of the property, enjoying and collecting the rents and profits thereof to the amount of $500 at least, he should not have recovered from the defendants the amount of the consideration for the land, with interest. (*Stebbins v. Wolf*, 33 Kas. 765; *Danforth v. Smith*, 41 id. 146.) And as the plaintiff has never been evicted from the premises, and has never paid anything to remove an incumbrance therefrom, or to perfect his

title, but is still in the quiet and peaceable possession of the property, enjoying and collecting the rents and profits thereof, he can recover at most only nominal damages; and this upon whatever covenant the action may be considered as having been commenced. (*Hammerslough v. Hackett*, 48 Kas. 700; same case, 29 Pac. Rep. 1079, and cases there cited.)

It is claimed by the plaintiffs in error, defendants below, that the foregoing were not the only errors committed. It is claimed by them that a paper was permitted to be introduced in evidence as a transcript of a judgment, without any sufficient foundation having been laid for its introduction; and we cannot say that this claim is not true. This paper was introduced for the purpose of showing that the defendants below did not have any title to the property in question; but it does not show that the defendants were parties to the action in which the supposed judgment was rendered, nor that they ever had any notice of the action, or that the action had ever been defended by the plaintiff or by any person in good faith.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.