Bolinger v. Brake.

L. BOLINGER *et al.* v. L. A. BRAKE.*

No. 10672.

COVENANT OF SEIZIN — *title bad only as to undivided interest, damages same proportion of consideration as that interest is of full title.*  On a partial breach of the covenant of seizin where the possession of the covenantee has never been disturbed, as a general rule subject to certain exceptions, he will be entitled to recover as damages that proportion of the whole consideration (without interest) which the part lost bears to the full title attempted to be conveyed; following *Dale v. Shively*, 8 Kan. 276, and *Scantlin v. Allison*, 12 id. 85.

*Error from the Court of Appeals, Southern Department.* ·

AFFIRMED.                    OPINION FILED JANUARY 8, 1897.

On May 29, 1891, L. A. Brake obtained a judgment against L. Bolinger and Rosa Bolinger, husband and wife, in the District Court of Bourbon County for the sum of $529.62 as damages for a partial breach of

---

*A rehearing of this case has been ordered.—REPORTER.

the covenant of seizin in a deed for certain lots in Mapleton in said county. The judgment was affirmed by the Court of Appeals, July 31, 1896. 4 Kan. App. 180. The rule applied by the District Court, and approved by the Court of Appeals, as the measure of damages, being earnestly challenged by the plaintiffs in error, this court ordered the certification of the record here for review.

*J. D. McCleverty*, for plaintiffs in error.

*John H. Crider*, and *W. P. Dillard*, for defendant in error.

MARTIN, C. J.   We are satisfied with the decision of the Court of Appeals, and will only add some observations upon the principal point at issue.  The consideration paid for the lots was $1,100.  It was shown by the evidence that Brake had obtained from the defendants the title to an undivided 4-9ths of four lots in block 40 and to an undivided 5-9ths of the lots in block 39, and the Court instructed the jury to assess the plaintiff's damages at 5-9ths of the consideration paid for the lots in block 40, and 4-9ths of the consideration paid for block 39, together with interest at seven per cent. per annum from November 18, 1885, the date of the deed; but the jury having returned in their verdict the amount allowed for interest, the same was afterward struck out by the Court, and judgment was rendered only for the proportionate amount of the consideration paid, the plaintiff below never having been disturbed in his possession.  We think the rule of damages laid down by the trial court was correct. It was held long ago in this State that the covenant of seizin is a personal one not running with the land, and that it is broken as soon as the deed is executed

if the title be bad, and an action lies thereon at once without waiting for a disturbance of the possession. *Dale v. Shively*, 8 Kan. 276 ; *Scantlin v. Allison*, 12 id. 85. In *Dale v. Shively*, supra, it was held that the measure of damages upon breach of the covenant of seizin is, as a general rule, the consideration money and interest, but where the vendee buys in the paramount title his recovery is limited to the amount paid therefor and interest; and this rule was followed in *McKee v. Bain*, 11 Kan. 569. These early cases were cited with approval in *Scott v. Morning*, 23 Kan. 253, and *Chambers v. Cox*, 23 id. 393. It is now contended, however, that, where a grantee receives the possession from his grantor and is not disturbed therein, and pays nothing to buy in the outstanding title and incurs no expense by reason thereof, he can recover nominal damages only on an admitted breach of the covenant of seizin. This would be to construe away by judicial decision the force and efficacy of a covenant of seizin as heretofore interpreted by our own decisions. It is said that no matter how bad the title conveyed may be, yet the true owner may not assert his right until after the statute of limitations has barred it, and thus the grantee may obtain a good title by adverse possession ; therefore he ought not to be allowed to maintain an action on the covenant of seizin until after he has been evicted or has purchased in the outstanding title. In other words, the risk of disturbance by the true owner is shifted from the grantor, who has for a consideration expressly assumed it, and it is thrown upon the grantee, for whose benefit the covenant was made. According to our Kansas doctrine, a right of action accrues immediately upon the execution of the deed with the covenant of seizin, if the title be bad, and

therefore it will be barred within five years thereafter, unless saved by some exception to the Statute of Limitations. An adverse claimant may bring his action within 15 years, and sometimes even later; and if he should succeed therein, the grantee under the covenant of seizin is without remedy; for when he goes to his lawyer he is advised that his right of action under that covenant has been barred for several years. A construction of the covenant of seizin, broken at the delivery of the deed, which requires that the covenantee must wait until his right of action is barred unless the adverse claimant brings his suit before that time, is apparently so unreasonable as to carry its refutation with its statement. We are not authorized to construe away the covenant of seizin because there was also a covenant of warranty in the same deed, for the grantee was entitled to the benefit of both. Under the former, he had a personal right of action against the grantors as soon as the deed was made; under the latter, there could be no breach until an eviction under a title paramount or something equivalent to it. By the former, he was under no obligation to wait until the latter should also be broken, and the grantors perhaps dead or insolvent, before commencing his action for damages. To illustrate this principle take an example: A. and B. own a tract of land in equal undivided shares. A., without the knowledge of B., in consideration of $1,000, the full value of the land, makes a deed to C. with a covenant of seizin, and C. goes into possession. He afterward learns that he has the title to the undivided one-half only, and, while undisturbed in his possession, he brings his suit against A. to recover the $500 paid without consideration on the faith of the covenant that A. was seized

of the full title, but he is met with the answer that the breach is only technical, and he can recover no more than nominal damages until B. asserts his title or he buys it in.  C. is not prepared to pay for the half-interest a second time; he dismisses his action or takes a judgment for nominal damages.  Years thereafter, B. commences his action against C. for partition and ejectment and recovers one-half in value of the land.  C. then commences his action against A. to recover damages for breach of the covenant of seizin.  If he dismissed his former suit without prejudice, he is met with the plea of the bar of the Statute of Limitations; if he took judgment for nominal damages, he is confronted with the further plea of *res judicata.*  Thus, by a sort of legal jugglery, C. loses his $500 and A. keeps that much for nothing.  Counsel say, however, that B. may never assert his title, or may do so too late, and that A., who for the sum of $500, by his covenant of seizin expressly assumed the risk, should be relieved of it, and the court should impose it upon C., who paid his $500 to be assured against it.  This is a manifest perversion of the law of contracts respecting real estate as established by the decisions of this Court.  If a grantor does not desire to be bound by a covenant of seizin he ought not to enter into it.  When he does so, the courts ought not to annul it for his profit and to the injury of the grantee for whose benefit it was made.

There are many cases in which the covenantee should not be allowed to recover the full consideration money or the proportion thereof corresponding to that part of the title which is lost.  If, in the example above cited, C. should purchase the outstanding title from B. for $250, he is made whole by the payment of that amount by A. and should not recover more; as

held in *Day v. Shively*, supra, and *McKee v. Bain*, supra.  If, in the foregoing example, before C. should bring his suit, A. should buy in the outstanding title of B. in his own name, this would inure to the benefit of C. and make good his title, as in *Scoffins v. Grandstaff*, 12 Kan. 467 ; and the damages to C. from the breach of the covenant would be nominal only.  Where the only breach of a covenant of seizin and against incumbrances is an outstanding easement detracting somewhat from the market value of the land, the damages will be limited to the extent of the depreciation by reason of the easement; as in *Smith v. Davis*, 44 Kan. 362.  Perhaps it may be said, where the title has been cured by adverse possession and the lapse of time, by estoppel, or otherwise, without cost or expense to the grantee, his recovery for a breach of the covenant of seizin should be limited to nominal damages. It may not be going too far to say that in any case where there has been a breach of this covenant, but the title has been healed, or all danger of its hostile assertion has passed away, or the covenantee has lost nothing and is in danger of no loss or liability, no more than nominal damages are recoverable.  The case of *Hammerslough v. Hackett*, 48 Kan. 700, comes within the principle last mentioned.  The statement in the opinion in *Scoffins v. Grandstaff*, 12 Kan. 471, referring to the covenant of seizin, that "where the grantee takes possession of the property under his deed, and retains the uninterrupted possession thereof, without paying anything to purchase in the paramount title, he can only recover nominal damages" is *obiter*, and too broad.  In so far as *O'Meara v. McDaniel*, 49 Kan. 685, is in conflict with this decision, it must be regarded as overruled.  Of course, a title may be perfect, while the record thereof is very defective ; and

what we have said has reference to the actual title, and not any particular kind of evidence whereby it may be supported or defeated.

It would be bootless to review the decisions in other States upon the measure of damages on a breach, either total or partial, of the covenant of seizin, where the covenantee remains in possession. In States like Iowa and Wisconsin, where it is held that this covenant runs with the land until the damage has arisen by eviction or other actual injury, it is entirely logical to hold that no substantial damages are recoverable until after the happening of such an event. The effect of this doctrine is to abolish the distinction between a covenant of seizin and a covenant of warranty, or rather to merge the former in the latter. We think, however, that there is a broad distinction between the two covenants, which the courts cannot properly ignore. The covenant of seizin is of the present tense, and if the covenantor has not the title, there is a breach of the covenant as soon as it is made. It is strictly a covenant for title. The covenant of warranty is of the future tense, and binds the covenantor to defend the title when it shall be assailed, and to make good the loss, within certain limitations, which may then be sustained. It is essentially a covenant against the loss of possession, and a right of action upon it does not accrue until the covenantee is disturbed. The Legislature has the power, perhaps, to abolish this distinction for the future, but, this Court having recognized it from an early day, and it being well supported by the authorities, we would be loth to disregard it now, even though we thought it would be good policy for the Legislature to change the rule ; but of this we are by no means convinced. As indicated before, if a grantor does not wish to be

bound by a covenant of seizin, or any other running in the present tense, he ought not to make it.

The judgment of the Court of Appeals will be affirmed.

ALLEN, J., concurring.

JOHNSTON, J., dissenting.