No. 23,112.

H. W. Loomis, *Appellee*, v. S. A. Laughry, *Appellant*.

SYLLABUS BY THE COURT.

COVENANTS OF SEIZIN—*Action for Breach—Adverse Possession—Uninter-rupted Possession for Forty Years — No Damages Recoverable.* De-fendant claimed a breach of the covenant of seizin in a conveyance of land. The land was conveyed with covenants more than forty years. ago by an instrument purporting to convey a complete title and by one holding exclusive possession, but defendant claimed that there was an outstanding interest in another. There has been no hostile assertion of title in others than the grantees within the period named, nor dis-turbance of their possession by any adverse claimant. *Held,* that the defendant was not entitled to recover damages from his grantor on the alleged breach of the covenant of seizin.

Appeal from Norton district court; CELSUS A. P. FALCONER, judge. Opinion filed July 9, 1921. Affirmed.

*W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellant.

*A. L. Drummond,* and *L. H. Wilder,* both of Norton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to foreclose a pur-chase-money mortgage upon a tract of land in Norton county. The execution of the note and mortgage was not denied, but de-fendant claimed that the covenants of the warranty deed given to him had been broken by reason of which he had sustained damages to the amount of $3,000, and he asked that this amount be awarded as a credit on the claim of the plaintiff. A.

demurrer to the defendant's answer and cross-petition was sustained and he appeals.

In his pleading he conceded that the amount claimed by plaintiff on the note and mortgage was due, but he alleged that he was entitled to a credit on that amount to the extent of the damages sustained because the plaintiff did not have full title to the land conveyed to him. He pleaded that in 1878 the title stood in Wm. B. Landis who then died intestate, leaving surviving him his father and mother, that the father died during that year, and that afterwards on September 17, 1878, the surviving mother, assuming to have the complete title, conveyed the land to John A. Bowman, from whom, by a regular chain of conveyances the plaintiff acquired the title; but it was alleged that the father of Wm. B. Landis had heirs to whom his share of the estate descended and that the mother's deed conveyed but a three-fourths interest in the land, the other one-fourth descending to the heirs of the father, who it is alleged died leaving issue. The defendant further alleged that in July, 1918, he brought a proceeding to quiet his title to the land and obtained a judgment decreeing that he was the absolute and unqualified owner of it, quieting the title thereto in him as against the Landis heirs and other defendants named in that action. He set out the proceedings and added that the decree quieting the title is void, but fails to point out in what the invalidity consisted. He further stated in his answer and cross-petition that he has never been disturbed in his possession of the land and never has offered to rescind the transfer or reconvey the land to plaintiff. The defendant stated that he suffered damages because of the defect in the title in that a loan he negotiated upon the land in 1917 was defeated when the party making the loan discovered the defect in the title and refused to complete the loan; also, that he sustained other damage in this, that he sold five acres of the land for $100 an acre, but the purchaser, noticing the defect, refused to complete the purchase, and that since that time the land had depreciated in value to $30 an acre.

On this pleading the trial court held that the defendant had stated no defense or cause of action against the plaintiff. It is contended that by reason of the alleged outstanding interest the covenant of seizin was broken when made, regardless of the

Loomis v. Laughry.

fact that the plaintiff or any of his grantors had not been disturbed in the possession of the land. In a sense the covenant of seizin is broken when made, but the possession of the defendant, as we have seen, has never been challenged, and no adverse claim of ownership has ever been made. According to his pleading there was at most only a technical breach for which he could not recover substantial damages so long as he remained in the undisturbed possession of the land covered by the covenant. (*Hammerslough v. Hackett,* 48 Kan. 700, 29 Pac. 1079; 17 L. R. A., n. s., 1183.) Assuming that there was a real outstanding interest in the heirs of the father of Landis, the warranty deed of the mother, purporting to convey a complete title with exclusive possession, was executed in 1878, more than forty years ago. If there was a defect, it was one which might be cured by adverse possession, lapse of time and by estoppel. A claim of an outstanding title would ordinarily be barred by continuous possession in fifteen years. According to the averments in the answer and cross-petition, the possession delivered with the warranty deed of 1878 has never been interrupted and no hostile assertion of title made as against any of the subsequent grantees. The original grantor was in exclusive possession claiming complete title, and that possession has been uninterruptedly held by the intervening owners up to the present time without claim or question. Defendant acquired his title eleven years ago and no one has made any claim of possession or ownership of an interest in the land as against him. In his action to quiet title he alleged that he was the owner of the full legal title, and that he and the previous grantors had been in continuous, actual and undisputed adverse possession for more than thirty years, and that any claim of title by others was utterly null and void. By his own allegations he holds the complete title—one not subject to successful attack by any claimant under Landis. More than that, any defect in the title would have been cured by the pleaded decree obtained by plaintiff quieting his title. He avers that the decree was invalid by reason of unnamed defective procedure, but the defects, if any, were such as could be cured by amendment. Without that decree, there was no disseizin—no breach of the covenant upon which he can base a recovery of damages.

The judgment sustaining plaintiff's demurrer to defendant's answer and cross-petition is correct, and is affirmed.