# CASES

DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1917.

---

Mary Adams, Defendant in Error, v. Elgin & Belvidere Electric Company, Plaintiff in Error.

### Gen. No. 6,228.   (Not to be reported in full.)

Error to the Circuit Court of Boone county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed February 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mary Adams, plaintiff, against Elgin & Belvidere Electric Company, defendant, to recover damages for personal injuries sustained by defendant's car striking plaintiff's buggy in which she was riding, causing the horse to run away, whereby plaintiff was injured. From a judgment for plaintiff for $2,000, defendant brings error.

WILLIAM BIESTER, for plaintiff in error.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for defendant in error.

(1)

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1415*—*when Appellate Court will not determine questions based on credibility of witnesses.* A jury which see and hear the witnesses are in a better position to pass upon their credibility than a court which reviews only the record, and it is the acknowledged province of a jury and not of a reviewing court to determine questions of fact which depend on the credibility of witnesses where there is a conflict in the evidence.

2. INTERURBAN RAILROADS, § 4*—*when requested instruction in action for personal injuries received at crossing is properly refused as assuming facts.* An instruction that it is not the exercise of ordinary care and prudence for a person to drive with a horse directly onto a railroad crossing known to such person at the time to be dangerous without making an effort by stopping or listening or otherwise to ascertain whether a car is approaching or whether it is safe to drive on the track with a horse, *held* properly refused where the particular facts constituting contributory negligence upon which such instruction was based were disputed.

3. INSTRUCTIONS, § 63*—*when erroneous as assuming facts.* It is error for a court in an instruction to assume as true a fact which is disputed.

4. INSTRUCTIONS, § 120*—*when properly refused as not in conformity with evidence.* An instruction not based upon evidence or upon a reasonable inference from the evidence is properly refused.

5. INTERURBAN RAILROADS, § 4*—*what degree of care required of person not hearing warning of approaching train.* A person about to drive across an interurban railroad track, especially at a city crossing, who has opportunity to hear a whistle sounded as a warning of an approaching train, but does not in fact hear it, is not chargeable with the same responsibility concerning it as if he had heard it.

6. INSTRUCTIONS, § 14*—*when repetitions in of statements concerning law and rights and duties of parties not error.* Mere repetitions in instructions of statements concerning the law and the respective rights and duties of the parties which are not challenged as erroneous, and do not appear to have created in the minds of the jury an erroneous impression of the law or to have prejudiced a party, are not erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.