## R. Rasmussen et al., Appellees, v. L. W. Nelson, Appellant.

### Gen. No. 6,738.

1. CUSTOMS AND USAGES, § 16*—*when admissible as to matters on which contract is silent.* In an action to recover the contract price for painting a house, where the contract is silent as to the color, defendant should be allowed to introduce evidence to show that there is a universal custom among house painters and decorators to allow the owner of the house to select and specify the color and to ascertain from him the desired color before doing the work.

2. CUSTOMS AND USAGES, § 22*—*presumption as to contracting in reference to.* Persons contracting for the painting of a house are presumed to have contracted with reference to an existing general usage or custom concerning the selection of the color by the owner.

3. INSTRUCTIONS, § 63*—*assumption of controverted facts.* It is error to assume in an instruction facts which are in controversy and are material in determining the issues involved.

Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 9, 1920.

E. A. SIMMONS, for appellant.

P. A. GIBBONS, for appellees.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In this case the appellees, R. Rasmussen and E. S. Bean, copartners, commenced suit in the circuit court of Livingston county against the appellant, L. W. Nelson, to recover a balance claimed by them on the contract price for painting a house belonging to the appellant. The price agreed upon was $85, but it was understood between the parties at the time of the making of the contract that $30 which the appellee, Rasmussen, owed to the appellant for a tin roof, purchased from the appellant, should be applied on the contract price. Before the trial the appellant also tendered $14 as the balance due the appellees. There was a trial by jury, and a verdict finding the issues in favor of the appellees, and finding the tender to be insufficient, and assessing plaintiff's damages at $41 over and above the $14 tendered. The verdict was for the full amount of the contract price, less the credit of $30, and the amount of the tender. Appellant made motion for new trial, which was overruled by the court, and judgment was rendered on the verdict, from which an appeal is prosecuted.

Several reasons are urged by the appellant for reversal of the judgment. The controversy in this case involves the question of the color in which the house was to be painted, and whether or not the parties had an understanding in reference to that matter. During the course of the trial the appellant offered to prove by a witness who was testifying, that "there was a universal custom among painters and people in that business, and who made contracts for painting and decorating houses, to allow the patron or owner to choose the color and designate it, and to specify, and to follow the direction given in doing the work"; he also offered to prove by the witness "a universal custom that the painter or the one doing the work ascertains from the owner or patron, first what the color shall be before doing the work." An objection was made to this proof and sustained. We are of opinion that the proof of-

fered should have been admitted. The contract between the parties for the painting of the house was silent on the matter of color of the painting, and if there was a general custom prevailing concerning the selection of the color or the manner of determining the color, the parties entering into the contract are presumed to have contracted with reference to such existing general usage or custom. *Steidtmann v. Joseph Lay Co.*, 234 Ill. 84; *Collins Ice-Cream Co. v. Stephens*, 189 Ill. 200; *Chisholm v. Beaman Machine Co.*, 160 Ill. 101; *Leavitt v. Kennicott*, 157 Ill. 235. Inasmuch as there was a controversy in the case between the parties, as to whether the color had in fact been selected, the evidence of a general custom in reference to that matter might have thrown some light upon that question; and it might also have assisted the jury in determining the proper inferences to be drawn, from what the parties said and did about the matter. Aside from any custom, however, the appellant had the undoubted right to select the color for the painting of the house.

It is also contended that the court erred in the giving of the following instruction:

"The court instructs the jury that if you believe from a preponderance of the evidence that the defendant, Nelson, employed the plaintiff to paint his house and that after the plaintiff had put on the first coat of paint, there was some talk about the color of the second coat, and that the defendant said he would like to have the house painted chocolate color with white trimmings, and that the plaintiff thereupon told the defendant that chocolate color would make the house look too short, and that thereupon, the defendant said, 'I guess you are right'; and if you further believe that the defendant abandoned the idea of having the house painted in chocolate and white, and adopted the plaintiff's suggestion to paint the house white, and the plaintiff so painted it, then under such state of proof, you should find for the plaintiff, and in the sum

claimed by him." The objection made to the instruction is that it assumes a fact not in evidence, namely, that the appellee, Rasmussen, made the suggestion to the appellant that the house be painted white. The evidence of the appellee, Rasmussen, concerning the selection of the color for the final coat of paint for the house is as follows: "I told him (the appellant) we would be back the first of next week to finish up, and he said 'all right'; then he said something about painting the house chocolate color, and white trimming, and I told him 'I wish you had told me that before, because, we could have painted the first coat with chocolate color with white trimming, it would have covered better.' I said, 'If you want that, however, paint the house with chocolate and white, but it won't look good, you can't make a good job.' I said, 'another thing, the kind of a house you got is too short and narrow with the side of chocolate and trim the window casings and doors with white, because the house will look shorter than it really is.' He said, 'I guess you are about right,' and he walked away from me, and I didn't see him again until we got the house finished up."

It does not appear from this evidence that the appellee made a suggestion to the appellant "to paint the house white"; and it is apparent therefore the instruction referred to does assume a fact not shown by the evidence; and the matter of the selection of color was a material one in the case. While the evidence may be reasonably construed to the effect that the appellant gave up the idea of having the house painted in chocolate color with white trimmings, it does not show that he selected any other color to take its place. It is error to assume facts in an instruction which are in controversy, and which are material in determining the issues in the case. *Peoria & P. U. Ry. Co. v. Tamplin,* 156 Ill. 285; *Smith v. Bellrose,* 200 Ill. App. 368; *Adams v. Elgin & Belvidere Elec. Co.,* 204 Ill. App. 1.

For the reasons stated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*