**Loren E. Wood et. al., Appellees, v. Velma Dillon et al., Appellants. Olen Dillon et al., Co-parties.**

**Term No. 46F1.**

Opinion filed May 6, 1946. Released for publication May 31, 1946.

D. L. Duty, of Marion, for appellants.

Hickman & Hickman, of Benton, W. A. Miller and A. S. Pfaff, both of Salem, for appellees.

Mr. Presiding Justice Stone delivered the opinion of the court.

In the months of May and June 1941, Velma Dillon, Harrol Mosley, Lillian Hall, Ruby Batts, Stanley Mosley and Geoffrey Mosley, defendants appellants (hereinafter designated as defendants) being joined by their respective husbands and wives in the instruments of conveyance executed and delivered through A. M. Burpo and Basil Killion, real estate brokers, conveyed to Loren E. Wood, Goldie Pitts, Peter L. Guth, Sylvia Brixius and William Brixius, plaintiffs appellees (hereinafter designated as plaintiffs) certain oil and gas rights, in and under a tract of land in Franklin county, Illinois.

These mineral deeds contained covenants of warranty in the usual form, and were prepared by A. M. Burpo, who took them to the various grantors for their signature, and were delivered to Peter Guth, who paid Burpo the agreed purchase price for the respective interests. None of the grantors ever met any of the grantees before or at the time of the execution and delivery of the mineral deeds in question, the entire transaction being conducted through real estate brokers, Burpo and Killion for the grantors and Guth, and several other brokers, Maddingly and Harmon, for the grantees.

The covenants of warranty in the mineral deeds in question failed and plaintiffs brought suit in the circuit court of Franklin county, for breach of warranty of title, making the respective husbands and wives joint defendants. The complaint consisted of five counts, each mineral deed being declared upon and a copy of each deed attached as an exhibit, all counts being identical except the difference in names of the respective grantors and grantees.

Answer was filed by defendants admitting and denying certain allegations of the complaint and pleading special matters of defense, to the effect that all the plaintiffs, by and through their agents and servants had specifically waived the respective covenants of warranty in said deeds and was therefore estopped from relying thereon. To which answer, reply was filed by plaintiffs categorically denying the allegations in the answer.

Thereafter said cause was set down for pretrial conference and hearing, in which a stipulation was made and entered into to the effect that the sole issue to be determined was whether or not plaintiffs had waived their right to rely upon the covenants of warranty contained in said mineral deeds and were estopped by their action and conduct. The stipulation did not mention the nature or evidence of the waiver agreement.

Upon this issue, the cause went to trial before a jury resulting in a verdict in favor of plaintiffs Sylvia Brixius and William Brixius and against defendant Geoffrey Mosley in the sum of $1,000 in favor of the same plaintiffs and against defendant, Stanley Mosley in the sum of $1,000; in favor of plaintiff Peter L. Guth and against defendants, Lillian Hall and Ruby Batts in the sum of $2,000; in favor of plaintiff Goldie Pitts and against defendant Harrol Mosley in the sum of $1,000; in favor of plaintiff Loren E. Wood and against defendant, Velma Dillon in the

sum of $1,000. Motion for new trial was overruled and judgments entered in accordance with the above verdict. From which judgments, defendants prosecuted their appeal to the Supreme Court of Illinois and the cause was thereafter transferred to this court.

It is alleged as error relied upon for reversal (and we believe this to be the crux of the whole case) that the trial court erred in refusing to admit proof of the waiver of warranty alleged in the answer of defendants. On the trial of the case, defendants offered to prove by one A. M. Burpo and one Basil Killion that they, the said Burpo and the said Killion, were present at all times during the conversations and negotiations leading to and concluding the transactions between the plaintiffs and the defendants as a result of which the mineral deeds in evidence were executed and delivered; and that the said Peter Guth was informed and told by both the said Burpo and the said Killion that the oil rights in question were then in dispute and in litigation and that the Mosley heirs would not warrant the title thereto; and that the said Guth stated to them, where in the presence of both of them, that he had examined a pipe line abstract to this property and was satisfied with the title as it was, and would waive the warranty contained in said deeds and not rely thereon; and that when the said Burpo and the said Killion suggested that the Mosleys insisted that the warranty be stricken out from said deeds, the said Guth told the said Burpo and the said Killion that while he did not rely upon said warranty, that he did not want them stricken out, because he intended to resell the mineral rights being conveyed thereby and that it might cause him some trouble in the sale thereof.

To this offer of proof, the court sustained an objection on the part of plaintiffs. It is contended on behalf of defendants, that a waiver of covenant by the party for whose benefit it is inserted may be shown

by parol to have been made, and such waiver is not a modification or change in the terms of the original agreement.

The principle that parol evidence is not admissible to contradict, vary or materially affect written instruments applies to actions based upon covenants. In the absence of fraud, ambiguity, accident or mutual mistake the general rule may be said to be that parol evidence is not admissible to contradict, vary or in any way affect the scope of an unlimited and unrestricted covenant of title in a conveyance of land. A verbal agreement made at the time of the conveyance or prior thereto that one of the parties should be released from the covenants in the conveyance cannot be shown to defeat an action on the covenants. Under this rule, an unqualified covenant cannot be varied by proof that the purchaser knew of the defects in title and intended to except them from the operation of the covenants. 14 Am. Jur. 568, 569, sec. 135.

In the case of *Beach v. Miller,* 51 Ill. 206, at page 211, the Supreme Court said, ''Fact of knowledge of possible title defect does not nullify the effect of a warranty. Where a person obtains covenants for title, he has the right, when obtained, to rely upon them and enforce their performance or recover damage for their breach. The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injury sustained by their breach. Nor is it a release or discharge of the covenant to say that both parties knew it was not true, or that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it is unsound; so the seller may warrant the quality or quantity of an article he sells when both parties know that it is not of quality or does not contain the quantity warranted. In fact, the reason

the purchaser insists upon the covenant for title, or a warranty of quality or quantity is because he either knows or fears that the title is not good or that the article lacks in quality or quantity. If he were perfectly assured on these questions he would seldom be tenacious in obtaining a covenant of warranty.''

The case of *Hagen v. Lehmann,* 317 Ill. 227, was a suit brought to recover the amount of certain special assessments covenanted against in a warranty deed. Defendants therein claimed that as a part of the consideration mentioned in the deed, plaintiffs agreed that and undertook to pay the unpaid instalments of these special assessments. The court there held that the effect of permitting this to be shown by parol evidence, would be to alter, vary and cut down the written engagement and covenants of the deed.

Counsel for defendants cite a line of cases holding that a waiver of a covenant by the party for whose benefit it is inserted may be shown by parol to have been made, and that such waiver is not a modification or change in the terms of the original agreement. According to the profferred testimony of the witnesses, A. M. Burpo and Basil Killion, when they insisted upon the warranty being stricken out, Guth, acting in behalf of plaintiffs, said that while he did not rely upon said warranty, that he did not want it stricken out. There being this understanding, that the warranty would remain in the deeds, and that warranty so appearing in the exhibits admitted in evidence on the part of plaintiffs, to admit parol evidence to show a waiver of the covenants, would be to change and vary the terms of the written instrument. This is in accord with the reasoning of the court in the *Beach* case, *supra,* where the court held that it is not a release or discharge of the covenant to say that both parties knew that it was not true or that it would not be performed when it was made.

We are therefore constrained to hold that the trial court did not err in sustaining objection to this testimony offered by defendants.

Defendants contend that because of the fact that there was no motion to strike the answer of defendant, plaintiffs filed a general reply; and because of the pretrial stipulation, that the only issue involved was the question as to the waiver of the covenants of warranty by plaintiff, they should have been permitted to produce the parol testimony profferred as above. Neither the making up of the issues on the pleadings nor the pretrial stipulation affected the rules of evidence, or gave to defendants the right to introduce incompetent evidence. Even though by denying the facts set up in the pleas plaintiffs may have admitted their legal sufficiency it does not necessarily follow that by so doing, they admitted that these facts could be established by incompetent evidence.

It is urged on behalf of defendants that the court erred in refusing to give to the jury their instruction, which embodied the element of waiver of warranty on the part of plaintiffs. There being no evidence of this, there was of necessity no error in the court's action. An instruction is properly refused, which is not based upon evidence. *Rankin v. Sharples*, 206 Ill. 301; *McGinnis v. Fernandes*, 126 Ill. 228; *Adams v. Elgin & Belvidere Elec. Co.*, 204 Ill. App. 1. By the same token there was no error in the action of the court in giving plaintiff's instructions based upon a warranty of the title to the gas and oil under the real estate in question.

Finding no reversible error in the record, the judgment of the circuit court of Franklin county will be affirmed.

*Affirmed.*

Bartley and Culbertson, JJ., concur.