JOHN G. REDMOND et al.

v.

CHARLES W. CASS et al.

Opinion filed February 21, 1907—Rehearing denied April 3, 1907.

1. DEEDS—provision of trust deed construed as to extent of title conveyed. A trust deed conveying all right, interest, estate and property of the grantors conveys every interest acquired by the grantors prior to its execution, even though it makes particular reference to the title acquired through a certain quit-claim deed, where it also mentions other conveyances and expresses the intention that it shall convey every interest and property acquired by the grantors under them.

2. SAME—warranty deed must have consideration to support it. A deed of bargain and sale, such as a warranty deed, is effective under the Statute of Uses, and nothing will pass by such deed without a consideration.

3. SAME—rule as to extrinsic evidence relating to consideration. Where no consideration is expressed in a deed of bargain and sale extrinsic evidence is admissible to show the consideration; but where a warranty deed fully states the consideration the recital can not be contradicted by parol evidence for the purpose of making the deed null and void.

4. SAME—when admission of evidence to contradict recital of consideration will not reverse. Improper admission, in a chancery case, of evidence which contradicts the recital of consideration in a warranty deed will not work reversal, where the case was correctly decided upon other grounds which did not require the consideration of such evidence.

5. SAME—warranty deed is presumed to have been delivered on its date. A warranty deed which has been delivered will be presumed, in the absence of evidence to the contrary, to have been delivered on the day of its date.

6. SAME—deed authorized by a decree is legitimate evidence of title. A deed executed under the authority of a decree is legitimate evidence of title.

7. JUDICIAL SALES—rule as to confirmation of sale. A purchaser at a sale which has not been confirmed and where no deed has been made acquires no title and is not entitled to insist upon a conveyance until the sale is confirmed; but if the terms of the decree have been complied with, and there has been neither fraud nor mistake nor illegal practice, the purchaser is entitled to a deed.

8. SAME—*when deed cannot be attacked for want of confirmation of sale.* Where a decree directs a sale of property without redemption and requires the execution of a deed to the purchaser, and a sale is made, the report thereof filed and a deed executed, under which possession is taken by the grantee, the fact that the sale was not confirmed by the court furnishes no ground for attacking the deed after the grantee and those claiming under him have been in possession for thirty years.

APPEAL from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

WILLIAM L. CUNDIFF, J. B. MANN, and H. B. MARTIN, for appellants.

O. M. JONES, and REARICK & MEEKS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a bill filed by appellees alleging that they were the owners in fee simple of the west half of the north-west quarter of section 32, town 19, range 12, in Vermilion county, and asking to have the title quieted and clouds removed therefrom, the circuit court found that they were owners in fee simple of said lands and that the claims of the several defendants were clouds upon their title. A decree was entered quieting the title and enjoining the defendants from asserting any right, title, interest, equity, claim or estate in or to said lands. The appellants, John G. Redmond and Agnes M. Vandersteen, with others, were defendants, and they alone appealed from the decree.

Appellees and their grantor had been in the actual adverse possession of the premises more than twenty-five years under conveyances purporting to vest the title in them, and appellees claimed title by virtue of such conveyances and under the statutes of limitation of twenty years and seven years, respectively. The appellants by their answers denied

that they claimed, or ever had claimed, any interest in the surface of the land, but Redmond claimed an undivided thirteen-fourteenths and Agnes M. Vandersteen claimed an undivided one-fourteenth of the coal and minerals underlying the land, under a deed from the widow and heirs of John Faulds, deceased, dated September 22, 1903, to Redmond, and a warranty deed from Thomas A. Taylor to John Faulds, dated October 3, 1867. They contended that the title to the coal and minerals was separated from the title to the surface by the deed of Taylor and that the two estates were never re-united, so that mere possession of the surface did not carry with it possession of the. coal and minerals.

Thomas A. Taylor was the owner of the entire estate in the land, including both the surface and the coal and minerals thereunder, and on October 3, 1867, he made two deeds to John Faulds of the coal and minerals under the lands,—one a quit-claim deed, recorded October 7, 1867, in book 9, at page. 314, in the office of the recorder of Vermilion county, and the other a warranty deed. The deeds were acknowledged on the day of their date, and there is no evidence as to which one was made first. None of the witnesses could recollect that two deeds were made or that there was any reason for making two. In reciting a consideration the quit-claim deed omitted . the word "dollars," and the consideration was stated as follows: "For and in consideration of two thousand three hundred twenty in hand paid." The warranty deed recited a consideration of "two thousand three hundred twenty ($2320) dollars in hand paid." The quit-claim deed conveyed all the coal and minerals under the land belonging to the grantors in several sections, including section 32, and the warranty deed conveyed the coal and minerals under this and other tracts which were described therein. On August 20, 1868, John Faulds, the grantee in said deeds, and Annie Faulds, his wife, executed a trust deed to George L. Paddock to secure

the note of John Faulds for $7319. On October 18, 1869, Paddock executed a release of the trust deed, which was filed for record May 23, 1872. Shortly thereafter, on July 25, 1872, a bill was filed in the United States Circuit Court for the Southern District of Illinois by Joseph G. English, as assignee of Harvey Sandusky, a bankrupt, against John Faulds, Annie Faulds, Paddock, and others, to set aside the release and foreclose the trust deed. Paddock and John and Annie Faulds appeared and answered. On July 14, 1874, a decree was entered setting aside the release, foreclosing the trust deed and ordering the master in chancery to sell the premises without redemption unless the amount due on the note and trust deed should be paid within six months, and upon such sale being made, to execute a deed to the purchaser or purchasers. On September 26, 1874, a sale of the premises was made to Thomas A. Taylor, and two days afterward the master filed his report of said sale. On October 8, 1874, the master executed a deed in pursuance of the decree and sale. On January 14, 1877, the heirs of Thomas A. Taylor executed a deed to Cynthia E. Smith purporting to convey the land without any reservation. On February 26, 1896, Cynthia E. Smith and husband conveyed the premises to appellees. On July 15, 1901, the heirs of John Faulds, except the infant children of Annie Faulds, one of his daughters, executed a quit-claim deed of all their right, title and interest in the coal and minerals underlying any and all lands in Vermilion and Champaign counties to Redmond, and on March 9, 1905, Redmond conveyed an undivided one-fourteenth interest in said coal and minerals to Agnes M. Vandersteen. On April 10, 1905, the bill in this case was filed, by which the appellees sought, among other things, to have the deeds to the appellants set aside and declared clouds upon their title.

The claim of the appellants rests on these propositions: First, that the quit-claim deed from Taylor to Faulds conveyed no title because no consideration was expressed there-

in; second, that the trust deed from Faulds to Paddock did not convey any greater interest in the coal and minerals than the interest conveyed by said quit-claim deed; third, that the decree entered on the foreclosure of the trust deed ordered a sale only of the title conveyed by said quit-claim deed, which was no title; fourth, that the deed of the master to Taylor did not convey any greater interest than that conveyed by the quit-claim deed; fifth, that the deed of the master was void, for the reason that his report of sale was never approved by the court; sixth, that the title to the coal and minerals having been severed from the surface by the warranty deed of Taylor to Faulds, and having never been re-united with the title to the surface, the possession by appellees of the surface was not a possession of the coal and minerals, and therefore no title was acquired under any statute of limitations; seventh, that the warranty deed from Taylor to Faulds, executed on the same day as the quit-claim deed, did convey title, and that appellants are the owners of that title by a connected chain through the deed from the heirs of Faulds to Redmond and the deed from Redmond to Agnes M. Vandersteen.

There is no equity whatever in any claim of the appellants. Neither they nor Faulds nor his heirs were ever in possession of the lands or the coal or minerals. Nothing was ever done on the land, in the way of mining coal or prospecting for it, with the design of taking coal or minerals from it, and although the deed to Faulds was made nearly thirty-seven years before the bill in this case was filed, the coal and minerals were never severed from the surface for the purpose of taxation, and neither appellants nor Faulds nor his heirs ever paid any taxes on the same. The whole claim of appellants rests on the accidental omission of the word "dollars" from one of the deeds. We never heard of a claimant who succeeded in a court of equity on such a claim, and probably there never will be one.

There is not only a want of equity in the claim of appellants, but we are also of the opinion that it has no legal foundation.   In the trust deed of Faulds, the bill to foreclose, the subsequent decree, the sale and the master's deed the property was described as the right, interest, estate and property of John Faulds and Annie Faulds derived under and by virtue of the deed from Thomas A. Taylor and wife, recorded in the office of the recorder of deeds in book 9, at page 314, and that was the quit-claim deed in which the omission occurred.   The appellants argue that no title was conveyed by that deed for want of a consideration expressed in the deed, and therefore nothing was conveyed by the trust deed or the subsequent proceedings and master's deed, but that the warranty deed, made the same day, did convey an independent title to Faulds, which has passed to them. Faulds and wife executed the trust deed purporting to convey a title derived through the quit-claim deed, which on its face purported to convey title, and the trust deed contained full covenants warranting such title.   But in addition to that, the trust deed conveyed every title which had been before that time granted to John Faulds by Taylor. The trust deed mentioned other deeds of conveyance and purported to convey the title and estate derived under those several deeds, and this clause followed:   "Meaning hereby to grant to the said party of the second part, among other things hereby conveyed, all and every right and property in or in respect to coal and other mineral heretofore granted to the said John Faulds in said county of Vermilion by the said grantors in said deeds, or any of them."   The deed of Thomas A. Taylor and wife recorded in book 9 of deeds, at page 314, was specifically mentioned, but by this sweeping clause every right in respect to coal and minerals that had been granted by Taylor and wife was conveyed by the trust deed.   The warranty deed conveyed the title if the quit-claim did not, and that title was conveyed by the trust deed.

Appellees were permitted to introduce evidence, against the objection of appellants, that no consideration was in fact paid for the execution of the warranty deed, and witnesses in their behalf testified that no consideration was paid either for that deed or the quit-claim deed. Counsel for appellants assign for error the admission of that evidence as to the warranty deed. We are not able to discover upon what theory it was offered or admitted, since counsel for both parties now say in their briefs that the fact that there was no consideration cannot be shown to affect the legal import of a deed, and cite the same authority to that effect. Whatever difference existed on that subject seems to have disappeared, and the only question is whether the decree should be reversed for that error.

A consideration is essential to a conveyance which is operative under the Statute of Uses, since a use cannot be raised without a sufficient consideration. A deed of bargain and sale, such as the warranty deed in this case, is effective under the Statute of Uses, and nothing will pass by such a deed without a consideration. (2 Blackstone's Com. 330; Sheppard's Touchstone, 510; 13 Cyc. 541; 9 Am. & Eng. Ency. of Law,—2d ed.—102.) At common law it was not essential that the consideration should be expressed in the deed. In Sheppard's Touchstone, (p. 510,) after stating that the consideration is not material in cases where uses pass by way of transmutation of possession, the rule as to deeds of bargain and sale is stated, as follows: "Yet in bargains and sales, and covenants to stand seized to uses, it is otherwise, for there consideration is so necessary that nothing will pass, neither will any use rise, without a consideration,—*i. e.,* some matter that may be a cause or occasion meritorious, which amounteth to a mutual recompense in deed or in law, which must be expressed or implied in the deed whereby the use is created or else supplied by averment and proof. For howsoever in this case an averment shall not be allowed and taken against a deed that there was

no consideration given when there is an express considera-
tion upon the deed, yet when the deed expresseth no consid-
eration, or saith 'for divers good consideration,' or the like,
there an averment of a good consideration given shall be
received, for this is an averment that may stand with the
deed, and without consideration enrollment (of a bargain
and sale) will not help." Where no consideration is ex-
pressed in a deed of bargain and sale extrinsic evidence is
admissible to show the consideration. (6 Am. & Eng. Ency.
of Law,—2d ed.—766.) In *Catlin Coal Co.* v. *Lloyd,* 180
Ill. 398, the right to prove a consideration not expressed
was implied, and it was held that the deed in that case be-
ing without consideration to support it, either expressed on
its face or proved by other evidence, was insufficient to con-
vey title. Whether the record of a deed which requires a
consideration would operate às notice if none is expressed
is not involved in this case. The statement of the consid-
eration in the quit-claim deed 'was incomplete, and parol
evidence would have been admissible to show actual con-
sideration, if a consideration is necessary in a deed of that
kind. It is not every deed that requires a consideration to
make it operative. A deed by a master or other officer un-
der a decree, which is in the nature of a quit-claim deed,
passes such interest as belongs to the party in whose behalf
it is made and requires no consideration. Whether this
deed required a consideration is not decided. The war-
ranty deed fully stated the consideration, and the recital
could not be contradicted by parol for the purpose of mak-
ing the deed null and void. (*Kimball* v. *Walker,* 30 Ill.
482; *Illinois Central Ins. Co.* v. *Wolf,* 37 id. 354.) In
actions for breaches of covenants and the like, where the
evidence is not offered to vary the legal import of the deed
or impair its effect as a conveyance, proof as to the actual
consideration may be made. (*Howell* v. *Moores,* 127 Ill.
67.) The evidence that there was no consideration for the
warranty deed was not competent, but the case was decided

correctly on other grounds, and it will be presumed that the court ignored the incompetent evidence. The two deeds of Faulds were made and acknowledged the same day and are presumed to have been delivered at that time. In the absence of evidence to the contrary, the presumption is that the warranty deed was delivered on the day of its date. (*Deininger* v. *McConnel,* 41 Ill. 227; *Jayne* v. *Gregg,* 42 id. 413; *Blake* v. *Fash,* 44 id. 302; *Hardin* v. *Osborne,* 60 id. 93; *Hardin* v. *Crate,* 78 id. 533; *Smiley* v. *Fries,* 104 id. 416; *Walker* v. *Doane,* 131 id. 27; *Lake Erie and Western Railroad Co.* v. *Whitham,* 155 id. 514.) Whether the quit-claim deed conveyed title or not, the warranty deed was effective for that purpose and the title thereby conveyed was afterward conveyed by the trust deed.

John Faulds, Annie Faulds and Paddock were all defendants to the bill for the foreclosure of the trust deed, and they appeared and answered. The decree directed a sale of the property without redemption and the execution of a deed to the purchaser. The sale was made, a report of the sale was filed, the deed was executed, and the grantee and those claiming under him have been in possession ever since. A purchaser at a sale which has not been confirmed and where no deed has been made acquires no title and is not entitled to insist upon a conveyance until the sale is confirmed. The mere acceptance of a bid conveys no title. (*Hart* v. *Burch,* 130 Ill. 426.) But if the terms of the decree have been complied with and there has been neither fraud nor mistake nor illegal practice, the purchaser is entitled to a deed. Where a decree authorizes the making of a deed, and it has been made, it is legitimate evidence of title. (*Walker* v. *Schum,* 42 Ill. 462.) Under the circumstances of this case appellants cannot now be heard to say that there was any irregularity or defect in the proceedings. It may be that an order of sale was not entered through some misprision of a clerk; but whatever the reason was, parties could not be permitted to lie by for thirty years, while the grantee

and his heirs and their grantees have been in possession under the deed, and then insist upon having it rejected for want of approval of the sale.

The decree is affirmed.                     *Decree affirmed.*