**Steve Sabo, Plaintiff in Error, v. Steve Nimett, Defendant in Error.**

**Gen. No. 17,252.**

1. Statute of frauds—*collateral agreement.* Where plaintiff sells defendant a saloon and as part of the consideration defendant agrees to pay certain debts of plaintiff, the contract is not within the statute of frauds and it is immaterial to whom the consideration is paid.

2. Contracts—*for benefit of third person.* Where one party for valuable consideration agrees to pay the debts of the other, third persons to whom the second party is indebted may maintain an action for breach of the contract.

3. Evidence—*when bill of sale does not exclude parol evidence.* Where plaintiff sells defendant a saloon and the bill of sale does not recite or purport to recite the contract between the parties, parol evidence is admissible to show that as part of the consideration defendant agreed to pay certain debts of plaintiff.

4. Bill of sale—*when consideration may be explained.* A bill of sale is an instrument of conveyance like a quitclaim or warranty

deed and the consideration may be explained, varied or contradicted to the same extent as if it were simply a receipt for the purchase money.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed March 26, 1913.

HARRY C. LEEMON and CHARLES V. CLARK, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

This was an action of the fourth class under the Municipal Court Act by Steve Sabo to recover $200 against Steve Nimett for debts of Sabo assumed by Nimett as part consideration of a sale of a stock of merchandise to Nimett by Sabo, which debts Sabo was compelled to pay. In a trial without a jury the court made its finding for Nimett and entered judgment against Sabo, who prosecutes this writ of error.

To maintain his suit plaintiff in error put in evidence a bill of sale in the ordinary form, executed by himself to defendant in error and Mike Nenanasi, dated December 14, 1909, reciting that in consideration of $383.67, in hand paid, the receipt whereof was thereby acknowledged, that plaintiff in 'error thereby bargained, sold and delivered to defendant in error, all right, title and interest in a certain stock of liquors, cigars, tobacco and all other merchandise in a certain saloon, with certain fixtures, tools and glassware thereto belonging, located at southwest corner of Cottage Grove avenue and 93rd street, Chicago. He also offered, but the court would not allow him, to prove by himself and several other witnesses, that he had on the said day and just preceding the execution of the bill of sale contracted orally with the defendant in

Sabo v. Nimett, 178 Ill. App. 459.

error and Mike Nenanasi to sell them the said saloon contents for the price of $1,450, said sum to be paid as follows: $383.67, cash, upon delivery of a bill of sale; also $700 to be used by them in discharging certain notes given by plaintiff in error as part purchase price of the said business, and the balance of $366.33 to be used by them in paying certain open accounts owed by him in connection with said business, and that a list of said open accounts was prepared and added by him during the negotiations and was by him delivered to them, and that they agreed to pay for said saloon contents to plaintiff in error and for plaintiff in error said sum of $1,450 in the manner aforesaid; that they and plaintiff in error then went to the office of one Hilbrig to have a bill of sale prepared in accordance with the terms of said contract and that defendant in error related to Hilbrig the said particulars of the verbal agreement, and that Hilbrig prepared the bill of sale as aforesaid, omitting to mention therein the open accounts, because too numerous for enumeration in the blank space in the blank bill of sale used, and because said Hilbrig said it was not necessary to mention them in the bill of sale as defendant in error and Nenanasi would be bound to pay them any way, and that the bill of sale was for said reasons so executed and delivered; that he received from said grantees the said cash sum mentioned and that they took possession of the property in pursuance of said agreement; that shortly thereafter Nenanasi conveyed his interest to defendant in error who has since paid said sum of $700 and approximately $100 of said open accounts, but refused to pay the remainder thereof of more than $200; and that plaintiff in error then paid said $200 balance and demanded repayment thereof to him of defendant in error who refused to repay same.  Plaintiff in error also offered proof to the effect that defendant in error had since the execution of said bill of sale stated to others that their oral contract for sale was

as aforesaid, that he owed the open accounts and would pay them and that he did pay a large part of them.

Only one error is relied on here by plaintiff in error for the reversal of said judgment, the refusal of the court to hear and consider the rejected evidence above recited. No brief or argument has been filed by defendant in error. Plaintiff in error states in his argument that the court rejected the offered evidence on two grounds, (1) that the statute of frauds was violated by the agreement sought to be proved, and (2) that to permit the proof to be made would allow the contents of a written instrument to be varied by parol evidence. The ruling of the court cannot be sustained upon either ground stated, nor apparently upon any other grounds. The ruling of the court is clearly based upon a misconception of the law. Such a contract made by one party with a second party for a valuable consideration, whereby the first party agrees to pay the debts of the second party to third parties, is not within the statute of frauds and need not be in writing. It is an original independent promise supported by a valuable consideration for the benefit of third parties, upon which the third parties may maintain actions for the breach. In such a contract, as now before us, it is wholly immaterial to whom the consideration is to be paid by the second party, whether all to the first party, or all to a third party, or part to the first party and part to a third party, so far as the application of the statute of frauds is concerned. The promise of the first party is that he will pay the consideration or price named for the goods, as directed by the first party, and to allow him in such a case to defeat his promise by pleading the statute of frauds would lead to the ridiculous holding that the second party could defeat his own promise and his own debt by invoking the statute of frauds, for the part of the consideration promised to the third party is as much the debt of the first party as it is of the second party. Wilson v. Bevans, 58 Ill. 232.

The bill of sale does not in any part of it recite or purport to recite the contract of the parties for the sale of the saloon contents. It is not itself the contract, not any more than an ordinary quitclaim or warranty deed in the usual form is the contract for the sale of the real estate therein named. The bill of sale was simply an instrument or deed of conveyance in which the real contract was not stated. No attempt was made to contradict or vary the terms of the bill of sale, except in so far as it recited and receipted for the purchase money of the property. The consideration in such deeds may be explained, varied or contradicted to the same extent that it could be if it was simply a receipt for the purchase money. This doctrine is well established. Riddle v. Hudgine, 7 C. C. A. 335, 58 Fed. 493; Huebsch v. Scheel, 81 Ill. 281; Booth v. Hynes, 54 Ill. 363; Mann v. Smyser, 76 Ill. 365; Koch v. Roth, 150 Ill. 212; Redmond v. Cass, 226 Ill. 120.

The judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*