SEMMES *v.* BOARD OF SUP'RS OF SUNFLOWER COUNTY.

[89 South. 811.   No. 22026.]

HIGHWAYS.  *On appeal from order of board of supervisors laying out road, bond must be filed and approved before board adjourns.* The bond required for an appeal under section 4405, Code 1906 (Hemingway's Code, section 7085), from an order of the board of supervisors laying out a public road, must be filed and approved before the adjournment of the board for the session at which the order appealed from was entered.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

In the matter of proceedings by the board of supervisors of Sunflower county in laying out a highway.  From an order establishing road over lands of D. O. Semmes he appeals.  Dismissed.

*J. H. Price,* for appellant.

Appellee, in its reply brief, says: "This appeal presents for decision this sole question of law: It is necessary for appeal described by section 4405 of the Code of 1906 (Hemingway's Code, section 7085) to be perfected, and the bond to be given and approved prior to the adjournment of the board at the session at which the appeal is asked for. No other question of law or fact is involved in this appeal." I am indebted to counsel for the very accurate statement of the issue presented by this appeal.  But this statement can be boiled down to the one narrow point for decision, viz:

"Did appellant lose his right to appeal by having his bond filed and approved on the third day after the session of the board at which the appeal was asked for had finally adjourned?"  This is the only question for decision of this court.

Why did the legislature in section 4405 of the Code of 1906, require appellant to enter into bond at all? Manifestly to secure the costs of the court. All statutes for security of costs are in derogation of the common law where every citizen had the right to appeal without giving security for costs.

Statutes providing for and regulating appeals should not be narrowly construed to cut off or fetter the right of appeal but should be broadly construed to serve the purpose of their enactment. *First Ave. Coal, etc., Co.* v. *Hite,* 62 So. (Ala.) 1018. Section 4405, Code 1906, gave appellant the right to appeal upon the giving of a prescribed bond but the statute does not say when the bond shall be filed.

As a rule, where the time for filing the appeal bond undertaking is not fixed by statute or by order of the court, the appellant must file such bond or undertaking within a reasonable time. *Coroma* v. *Kostrometinoff,* 164 Fed. 685; *Schenck* v. *Diamond Match Co.,* 73 Fed. 22; *Washburn, etc., Mfg. Co.* v. *Patterson,* 29 Ch. D. 48; *Polini* v. *Gray,* 11 Ch. D. 741; *Vale* v. *Opper,* 5 Ch. D. 633.

Counsel say that the case of *John Wesley Evans* v. *Sharkey County,* 89 Miss. 302, was well briefed and a suggestion of error filed. I draw attention to the fact that from these briefs and the opinion of the court it is manifest that they were dealing with an absolutely void bond. It was not payable to the county. (No obligee named whatever.) It was a nullity and whether it was or was not an absolute nullity was the paramount issue in the Sharkey county case. The court correctly reached the conclusion that the bond itself lacked the essential of a contract in that the bondsmen obligated themselves to pay no one. But in passing on that case the court went beside the mark and reached other conclusions which they predicate upon the holding of this court in *McGhee* v. *Jones,* 63 Miss. 453, which does not in any wise reach the views they predicate on it for no bond was required in the *McGee-Jones Case, Monroe County* v. *Strong,* 79 Miss. 565.

We submit that this cause should be reversed and re-manded and the Sharkey county case overruled in so far as it conflicts with these views.

*Moody & Williams,* for appellee.

This appeal presents for decision this sole question of law: Is it necessary for the appeal prescribed by section 4405 of the Code of 1906 (Hemingway's Code, section 7085) to be perfected, and the bond to be given and approved prior to the adjournment of the board at the session at which the appeal is asked for? No other question of law or fact is involved in this appeal.

The question is definitely settled in the case of *Evans* v. *Sharkey County,* 42 So. 173, 89 Miss. 302, and, in fact coun, sel for appellant concedes that if this case was correctly decided the judgment appealed from should be affirmed. Under section 4405 of the Code of 1906, everything that is necessary to be done to take appeal from an order of the board allowing, or refusing to allow, damages for the taking of land for a public road, must be done while the board is then in session. The language of the section referred to is perfectly clear, providing that: "The board of supervisors shall grant appeal for that purpose (the assessment of damages by a jury) when prayed for, on the appellant giving bond for the costs in such penalty as the board may require, not exceeding two hundred dollars payable to the county." Until the bond is given, the board has no jurisdiction to grant the appeal, even if it should undertake to do so.

The record in this case clearly shows that the board adjourned August 9, 1919, and the bond was never approved by the president of the board. We think we may safely eliminate section 81 of the Code from this argument as it has no sort of application to appeals of the character here under discussion. It applies only to appeals from the board of supervisors or the municipal authorities of a city, town or village as to the assessment of taxes. So there is noth-

ing in that section that could possibly help appellant's case.

Section 80 embodies the general law applicable to all appeals from an order of the board of supervisors, and it has been repeatedly held by this court that under section 80 if a bill of exception is necessary, it must be signed by the president of the board prior to the adjournment of the board at the meeting when the action was taken, from which the appeal is prosecuted. *Evans* v. *Sharkey County,* 86 Miss. 302; *Hathorn* v. *Morgan,* 107 Miss. 589, 65 So. 643.

Section 4405 merely provides a method of appeal from this particular kind of case by which, if all the parties complaining desires is to have his damages assessed by a jury, he does not have to present a bill of exceptions, but is allowed to perfect his appeal by giving a bond. But this bond must be given and the appeal allowed, while the board is in session; otherwise the appeal is not perfected and it cannot be done later.

The case of *Evans* v. *Sharkey County, supra,* construed section 3896 of the Code of 1892, which section became section 4405 of the Code of 1906, and has remained the law of the state for fifteen years with the construction placed upon it by this court; and, although repeated sessions of the legislature have been held, it has not been altered or amended in any way. The case was not only ably briefed before the court, but a suggestion of error was filed in which the correctness of this decision was challenged; but this suggestion of error was overruled, and it occurs to us that the decision is perfectly sound.

Section 4405 prescribed the penalty of the bond, subject to the discretion of the board, prescribes that it shall be payable to the county and that it shall have the same effect and be subject to the same proceedings as appeal bonds in other cases, but does not have the effect of giving the person who wishes to appeal a time in which to perfect his appeal not prescribed by this section or by section 80. This language just quoted in the brief of counsel by ap-

pellant relates to the effect of the appeal bond and the proceedings necessary to enforce it, but has no reference to the time in which it must be given.

SMITH, C. J., delivered the opinion of the court.

This is an appeal under the provisions of section 4405, Code of 1906 (section 7085, Hemingway's Code), from an order of the board of supervisors laying out a public road across the appellant's land. The appeal bond was filed and approved after the adjournment of the board for the session at which the order appealed from was rendered. Counsel for the appellee suggest that the appeal must be dismissed for the reason that the bond was not filed and approved prior to the adjournment of the board, which counsel for the appellant admits must be done unless the case of *Evans* v. *Sharkey County,* 89 Miss. 302, 42 So. 173, is overruled, and this we decline to do.

*Appeal dismissed.*