OSCAR C. HAGEN, Appellee, vs. EDWARD J. LEHMANN et al. Appellants.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. SPECIAL ASSESSMENTS—*when installments of assessments become due under Local Improvement act—deed.* The provision of section 42 of the Local Improvement act that installments of a special assessment "shall be due and payable on the second day of January," does not mean that such installments shall not be regarded as due until they become delinquent six months thereafter, and hence a deed which provides that it is subject to "unpaid installments of special assessments which fall due" after the date of the deed, March 22, 1923, does not include installments which became due on January 2, 1923.

2. DEEDS—*when parol evidence is not admissible to show consideration.* On an issue as to the amount of consideration for a deed, parol evidence may be introduced to show the true consideration although it may be different from that named in the instrument, but where a deed plainly provides that it is subject to "unpaid installments of special assessments which fall due" after the date of the deed, parol evidence is not admissible to show that the provision was intended to include installments falling due on the second day of January prior to said date, thereby relieving the grantor of his covenant against incumbrances.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

BUTLER, LAMB, FOSTER & POPE, (BEVERLY V. VEDDER, and ALLAN J. CARTER, of counsel,) for appellants.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the municipal court of Chicago for $3651 in favor of appellee against appellants. The statement of claim filed by appellee alleged that on March 22, 1923, appellants conveyed by warranty deed to appellee certain real estate in the city of Chicago. This deed was the statutory form of warranty deed, and recited that "for and in consideration of the sum of $150,000 in hand paid," appellants conveyed and warranted the property to appellee. The deed also provided: "This conveyance is made subject to all taxes and assessments levied after the year 1922 and to any unpaid special taxes or special assessments for improvements not yet completed, and to unpaid installments of special assessments which fall due after this date, levied for improvements completed." The statement of claim alleged that certain specified special assessments were liens upon the real estate, and that four installments of these special assessments, represented by warrants, fell due prior to the date of the deed and that the improvements for which the assessments were levied were completed prior to that date. Appellee by this suit sought to recover from appellants the amount of these special assessment warrants, which he paid.

Appellants filed an affidavit of merits and thereafter an amended affidavit of merits, in which it is alleged that at the time of the making of the deed appellee had full and complete knowledge of the fact that the installments of assessments covered by the warrants for which suit was brought had not been paid; that appellee had in his possession at that time the warrants for which he now seeks recovery, which warrants showed that they had not been

paid. It further alleged that at the time of the making of the deed it was understood and agreed between the parties that the phrase in the contract reading, "and to unpaid installments of special assessments which fall due after this date, levied for improvements completed," should include the installments for which the suit was brought, and that such installments fell due on July 31, 1923, after the making of the deed. The affidavit of merits further alleged that as a part of the consideration mentioned in the deed, and as an inducement made by appellee to appellants at the time of the making of the deed, appellee undertook and agreed to pay the unpaid installments of special assessments represented by these warrants, and that it was understood that the unpaid installments should be paid by appellee after March 22, 1923, and before August 1, 1923, without any claim for allowance or reimbursement from the appellants. On motion of appellee the amended affidavit of merits was stricken, and upon the election of appellants not to plead further, judgment was entered in favor of appellee against appellants for the full amount shown by the affidavit of claim.

Appellants' first contention is that under the statutes of Illinois the installments of special assessments for the non-payment of which the suit was brought under the covenants of warranty in the deed were payable at any time between January 2, 1923, and July 31, 1923, and would not fall due until July 31, 1923. The Cities and Villages act of this State (Cahill's Stat. par. 167,) provides that the cost of improvements which is to be defrayed by special assessments may by ordinance be divided into installments, not more than ten in number, and that "the first installment shall be due and payable on the second day of January next after the date of the first voucher issued on account of work done, and the second installment one year thereafter, and so on annually until all installments are paid."

Paragraph 193 of the same act provides that in cities having a population of 100,000 or more the person charged with the collection of installments of special assessments shall make report, in writing, to the county collector of the county on or before the first day of August in each year. The language of paragraph 167 is couched in plain and unambiguous terms, leaving no room for any other construction than that the installments in question were due and payable prior to March 22, 1923, and that they were not "unpaid installments of special assessments which fall due after this date, levied for improvements completed." The time when the installments became due and payable is fixed by paragraph 167, while paragraph 193 fixes the time when they became delinquent.

It is contended by appellants that the true consideration for a deed may be shown by parol evidence, and that for this purpose they had a right to show that appellee actually agreed to pay an existing encumbrance on the property as a part of the consideration for the conveyance. It is true, where the issue is as to the amount of consideration for a deed, that parol evidence may be introduced to show the true consideration although it may be different from that named in the instrument. (*Brosseau* v. *Lowy*, 209 Ill. 405; *Lloyd* v. *Sandusky*, 203 id. 621.) This rule, however, is a general rule and one which has exceptions, one of which exceptions is, that it can never be applied where to do so would result in the introduction of parol evidence which would have the effect of cutting down or varying the obligation of the written covenant. (*Redmond* v. *Cass*, 226 Ill. 120; *Russell* v. *Robbins*, 247 id. 510.) There is no conflict in the rules laid down in the four cases above cited. Appellants by their warranty deed covenanted against the installments of the special assessments in question, and their failure to pay those assessments constituted a breach of their covenant. It was therefore not competent for them to prove the agreement alleged in the affidavit of merits, as the only

effect of such proof would be to alter, vary and cut down the written engagement and covenants of the deed. (*Linn v. Clark*, 295 Ill. 22.) The court therefore properly struck the affidavit of merits from the files and rendered judgment for appellee after appellants' election not to plead further.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*