## PALONI v. BEEBE et al.

No. 6265. Decided February 26, 1941. (110 P. 2d 563.)

*Raymond R. Brady* and *Joseph R. Haas,* both of Salt Lake City, for appellant.

*O. K. Clay,* of Tooele, for respondents.

McDONOUGH, Justice.

Appellant instituted this action in the district court to recover damages for an alleged breach of warranty against liens and encumbrances contained in a deed to certain real property conveyed to him by respondents. From a judgment of no cause of action this appeal was taken.

The evidence reveals that in March, 1929, L. H. Beebe and wife entered into an agreement with Tony Paloni whereby the former agreed to convey certain real estate to the latter for the sum of $1,000

"payable $500.00 cash upon the signing of this contract and the balance of $500.00 one year from date hereof with interest on the said

deferred payment at the rate of 8 per cent per annum from date hereof until paid." It was further agreed that as "soon as the said purchase money and taxes for the year of 1929 and subsequent taxes shall be paid, first parties [the Beebes] agree to convey to second party [Tony Paloni], his heirs or assigns by good and sufficient warranty deed, the fee simple title to said premises, *free of any and all encumbrances, except taxes levied in 1929 or thereafter."* (Italics added.)

At the time the agreement was entered into there were outstanding against the property certain improvement taxes in the sum of $239.20, plus interest, the same having been levied in 1927 by the City of Helper, payable in 10 equal annual installments. And at the time of executing the contract of sale the Beebes paid to the treasurer of Helper City the sum of $52.62, the amount then due on said assessment together with interest to the first of January, 1930. Thereafter no more was paid on said special improvement tax until 1938 when Paloni paid the sum of $267.89 to extinguish the lien.

It was to recover this sum that suit was brought, appellant contending that the contract of sale and the deed contained warranties against "any and all encumbrances, except taxes levied in 1929 or thereafter." At the trial respondents sought to show by parol evidence that at the time of making the agreement appellant orally agreed to pay the special improvement tax installments falling due after the year 1929. Appellant objected to the introduction of any such evidence on the ground that it tended to alter the terms of the written contract. Respondents contended, however, that appellant's promise to pay taxes formed a part of the consideration for the sale of the property and that parol evidence is admissible to show the true consideration for the sale of real estate, even though such is inconsistent with the consideration set out in the deed or contract of sale.

The trial court permitted the parol evidence to be introduced. Subsequently in its findings of fact the court found that

"at the time of the sale and purchase of said lots the plaintiff knew of the existence of said sewer tax and then and there assumed and promised to pay the said tax, and that the promise by the plaintiff to pay the said sewer tax in the amount of $239.00, less the first installment paid by the defendants in the amount of $23.92, formed and constituted a part of the consideration in the sale and purchase of said lots."

Whether or not parol evidence is admissible to show a different consideration than the one set out in a written contract depends generally on whether the statement is a mere recital or forms a part of the contractual acts of the parties. As stated by Wigmore in his work on Evidence, 3d Ed., vol. IX, sec. 2433:

"* * * a recital of consideration received, when it occurs in a deed of grant, is usually intended merely as a written acknowledgement of the distinct act of payment. It is there inserted for convenience and the real consideration is often desired not to be disclosed. Hence it is not an embodiment of an act 'per se' written, and may be disputed like any other admission. Yet the statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act,—as when in the same writing the parties set out their mutual promises as considerations for each other; here the word 'consideration' signifies a term of the contract, and hence the writing alone can be examined. * * *

"In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not, and therefore the terms are not disputable." (Citing cases from most of the states).

In the instant case the statement of consideration in the contract of sale was not a mere recital but constituted an essential element of the contract between respondents and appellant. It was specifically agreed that appellant was to pay $1,000 for the property, and the time and method of paying the same were set forth. Parol evidence was, therefore, not admissible to dispute the terms of the contract.

In addition to varying the terms of the contract with respect to the consideration to be paid for the property, the parol evidence here introduced also cut down and restricted the covenants of warranty made by respondents in the deed given pursuant to the terms of the contract. ∎ Parol evidence is not admissible to show that the vendee to a contract of sale or deed orally agreed to remove an encumbrance or lien against the property where the written contract or deed contains a covenant or warranty against such encumbrance or lien. *Simanovich* v. *Wood,* 145 Mass. 180, 13 N. E. 391; *Bruns* v. *Schreiber,* 43 Minn. 468, 45 N. W. 861; *Rooney* v. *Koenig,* 80 Minn. 483, 83 N. W. 399; *Williams* v. *Johnson's Estate,* 177 Mich. 500 143 N. W. 627, L. R. A. 1916 E. 217; *Hardage* v. *Durrett,* 110 Ark. 63, 160 S. W. 833, L. R. A. 1916 E, 211, Ann. Cas. 1915 D, 862. *Laclede Laundry Co.* v. *Freudenstein,* 179 Mo. App. 175, 161 S. W. 593; *Bond* v. *Hewitt,* 111 Fla. 180, 149 So. 606; *Martin* v. *Partee,* 121 Miss. 482, 83 So. 673; *Hicks* v. *Sullivan,* 127 Miss. 148, 89 So. 811; *Goff* v. *Jacobs,* 164 Miss. 817, 145 So. 728; *Hagen* v. *Lehmann,* 317 Ill. 227, 148 N. E. 57. *Contra, Johnson* v. *Elmen,* 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845.

In the case of Hagen v. Lehmann, supra [317 Ill. 227, 148 N. E. 58], which is very similar to the one here involved, the Supreme Court of Illinois held:

"It is contended by appellants that the true consideration for a deed may be shown by parol evidence, and that for this purpose they had a right to show that appellee actually agreed to pay an existing incumbrance on the property as a part of the consideration for the conveyance. It is true, where the issue is as to the amount of consideration for a deed, that parol evidence may be introduced to show the true consideration although it may be different from that named in the instrument. *Brosseau* v. *Lowy,* 209 Ill. 405, 70 N. E. 901; *Lloyd* v. *Sandusky,* 203 Ill. 621, 68 N. E. 154. This rule, however, is a general rule, and one which has exceptions, one of which exceptions is that it can never be applied where to do so would result in the introduction of parol evidence which would have the effect of cutting down or varying the obligation of the written covenant. *Redmond* v. *Cass,* 226 Ill. 120, 80 N. E. 708; *Russell* v. *Robbins,* 247 Ill. 510, 93 N. E.

324, 139 Am. St. Rep. 342. There is no conflict in the rules laid down in the four cases above cited.

"Appellants by their warranty deed covenanted against the installments of the special assessments in question, and their failure to pay those assessments constituted a breach of their covenant. It was therefore not competent for them to prove the agreement alleged in the affidavit of merits, as the only effect of such proof would be to alter, vary, and cut down the written engagement and covenants of the deed. *Linn* v. *Clark*, 295 Ill. 22, 128 N. E. 824."

The trial court therefore erred in admitting the oral evidence, and its findings and conclusions based thereon cannot be sustained. The judgment is reversed and the case remanded with instructions to set the judgment aside, make findings and conclusions in accordance with the views herein expressed, and enter judgment accordingly. Costs to appellants.

MOFFAT, C. J., and WOLFE, LARSEN, and PRATT, JJ., concur.