No. 42,938

CLYDE WILDER and MARY M. WILDER, *Appellees,* v. BESS WILHITE, *Appellant.*

(376 P. 2d 797)

Opinion filed December 8, 1962.

*Marion C. Miller,* of Kansas City, argued the cause, and *Edward A. Benson, Jr.,* also of Kansas City, was with him on the brief for the appellant.

*Edward H. Powers,* of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action to recover damages for breach of a covenant of warranty arising out of the conveyance of real estate in Taney County, Missouri, by warranty deed. The trial court overruled a demurrer to the second amended petition and appeal has been duly perfected from this order.

The primary question presented is whether the second amended petition alleges a breach of the warranty contained in the deed to defend the title against the lawful claims and demands of others.

The second amended petition, filed July 6, 1961, alleges in substance that on April 1, 1957, the plaintiffs purchased by warranty deed from Helen Vance certain described real estate in Taney County, Missouri; that she obtained title by mesne conveyances

from the defendant, Bess Wilhite, and that a part of the real estate conveyed was not in fact owned by the defendant Wilhite but by Millard and Lucille Caudill.

Thereupon followed the specific allegations of the second amended petition which are material to this litigation. These allegations are:

"4. . . . That at the time of such conveyance the defendant did not own nor did she have color of title to said real estate, which said conveyance constituted a breach of the covenants of warranty in said deed described.

"5. That the sale and conveyances by warranty deed by the defendant herein of real estate which she did not own, by mesne conveyances, to these plaintiffs constituted a breach of warranty on the part of said defendant, and resulted in damage to these plaintiffs in the following particulars, to-wit:

"(a) That the plaintiffs paid the sum of $9,000.00 for the real estate described in paragraph 2 of this petition. That a reasonable value of the portion of the land included in that conveyance which the defendant did not own is the sum of $6,000.00, and the plaintiffs have been damaged to that extent.

"(b) That in addition thereto on the 19th day of September, 1959, the plaintiffs entered into a contract for the sale of real estate including that described in paragraph 4 of this petition for the sum of $6,700.00. That a true copy of said contract is attached hereto, made a part hereof and marked plaintiffs' Exhibit 'D'. That upon the execution of that contract these plaintiffs discovered the adverse claim of Millard Caudill and Lucille Caudill created by the breach of covenants by the defendant herein. *That extensive litigation ensued after such discovery; that the plaintiffs were forced to expend the sum of $600.00 for the court costs and attorneys fees;* . . ." (Emphasis added.)

The warranty deed in question was attached and made a part of the second amended petition. The warranty provision reads:

". . . The said Grantor covenanting that said premises are free and clear of all encumbrances, and that she will Warrant and Defend the title against the lawful claims and demands of all persons whomsoever."

It is readily apparent from the pleading under attack this action is founded upon the covenant that the grantor will warrant and defend the title against the lawful claims and demands of all persons whomsoever. There is nothing to indicate the action is founded upon the covenant that the premises are free and clear of all encumbrances.

It may be conceded that no cause of action arises upon a covenant of warranty until after eviction, either actual or constructive. (*Railway Co. v. Pratt,* 73 Kan. 210, 216, 85 Pac. 141; and see *Claflin v. Case,* 53 Kan. 560, 36 Pac. 1062.)

The nature of the covenant of warranty was discussed in *Bolinger v. Brake,* 57 Kan. 663, 47 Pac. 637, in the following language:

". . . The covenant of seizin is of the present tense, and if the cove-

nantor has not the title, there is a breach of the covenant as soon as it is made. It is strictly a covenant for title. The covenant of warranty is of the future tense, and binds the covenantor to defend the title when it shall be assailed, and to make good the loss, within certain limitations, which may then be sustained. It is essentially a covenant against the loss of possession, and a right of action upon it does not accrue until the covenantee is disturbed. . . ." (p. 669.)

The covenant of warranty was again discussed in *Bedell v. Christy,* 62 Kan. 760, 64 Pac. 629, where the court said the covenants of warranty and quiet enjoyment are mainly identical; that both of the covenants relate to the possession and assure quiet enjoyment of the estate conveyed. The court continued:

". . . To constitute a breach, it is generally held that there must be not only a disturbance of possession, but the eviction must be under an adverse and paramount title which existed when the covenant was made. . . ." (p. 763.)

The general effect of a covenant to warrant and defend, and the conditions essential to a recovery of damages for a breach of such covenant are well summarized in 14 Am. Jr., Covenants, Conditions and Restrictions, § 69, as follows:

"The obligation in a general warranty of title is not that the covenantor is the true owner or that he is seised in fee, with right to convey, but that he will defend and protect the covenantee against the rightful claims of all persons thereafter asserted. Such covenant is prospective in nature and is broken only by an eviction under a paramount title existing at the time of the conveyance, of what in contemplation of law is equivalent to an eviction, and not until then, except in exceptional cases, does the covenantee, his heirs, or assigns have any right of action on the covenant. In other words, the conditions essential to a recovery of substantial damages for a breach of covenant or warranty of title are that there should have been an eviction of the vendee from the premises, a failure to obtain possession under his deed, a surrender of possession after a hostile assertion of a paramount title, or a purchase or extinction of such title by the vendee. The mere existence of an outstanding paramount title does not constitute a breach of such covenant or authorize the covenantee to refuse to take possession when he can do so peaceably. . . ." (pp. 532, 533.)

The appellees concede the foregoing to be the law in Kansas.

The appellant contends that the second amended petition, neither in substance nor effect, contains material allegations of fact to show an eviction of any kind by the appellees from the premises, nor any failure to obtain possession of the pertinent real estate by reason of the eviction by anyone else under a paramount title; nor a surrender of possession after a hostile assertion of a paramount title, nor a purchase or extinction of such title by the vendee, nor is it alleged that the appellant has ever been given notice of an action pending for

eviction by a hostile assertion of a paramount title or any request that appellant defend the title against any such assertion. The appellant therefore argues lack of any one of the foregoing material allegations is sufficient to render the pleading demurrable.

On the point presently under consideration the pleading in question was never attacked by a motion. It is, therefore, entitled to a liberal construction.

The second amended petition alleges in substance that the appellant conveyed the real estate in question by mesne conveyances to the appellees; that at the time of the conveyance the appellant did not own or have color of title to the said real estate; that on the 19th day of September, 1959, the appellees tried to sell the real estate, and in doing so discovered the adverse claim of the holders of a paramount title; and that as a result thereof litigation ensued.

It thus appears on the face of the petition, liberally construed, that the appellees are deprived of the use of the land and of the right to sell it by the hostile assertion of an adverse or paramount title which existed when the covenant was made. This, in our opinion, is sufficient to withstand an attack on demurrer.

It now becomes the burden of the appellees at the trial of the action to show by a preponderance of the evidence the breach of the covenant of warranty and the damages.

The appellant contends the alleged breach of covenant, if any, against encumbrances incurred when the covenant was made in 1947, and is barred by the five-year statute of limitations. The simple answer on this point is that the action is not designed to recover for breach of the covenant against encumbrances.

The statute of limitations begins to run against a cause of action for breach of a warranty to defend the title against the lawful claims and demands of others only from the time of actual or constructive eviction of the covenantee or his assignee. (*Bolinger v. Brake,* supra; and see 14 Am. Jur., Covenants, Conditions and Restrictions, § 121, p. 560.)

The original petition in this action was filed January 11, 1961. In that petition it was asserted the plaintiffs obtained a judgment against the defendant in Taney County, Missouri, for $6,750, on which $300 had been paid, leaving a balance due of $6,450. Judgment was sought for this amount. The plaintiffs' Exhibit "A" attached thereto disclosed a judgment between the parties, dated July 7, 1960, on a suit to determine title, sustaining an attachment and

ordering a special execution on certain real estate attached which was owned by the appellant.

By reason of the foregoing the appellant herein asserts that the appellees by the original petition have elected the remedy of a suit on the judgment, and contends that the appellees are now barred and estopped from asserting the inconsistent facts alleged in the first and second amended petitions. On this point the appellant argues that a general demurrer searches the entire record, which includes the petition and second amended petition, and tests the effect of all proper and material allegations of fact shown on the face of those pleadings.

The doctrine of election of remedies and its application in this jurisdiction has been recently discussed and applied in *Lindsay v. Keimig*, 184 Kan. 89, 334 P. 2d 326. In that case our decisions were said to hold in a general way that when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against subsequent adoption of others.

We fail to see how the doctrine of election of remedies has application to this appeal. Here the general demurrer challenges whether or not the facts alleged in the second amended petition state a cause of action. Under G. S. 1949, 60-706, it is required that the demurrer shall specify distinctly the grounds of objection to the petition, and unless it does so it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action. Having failed to specify the objection which the appellant now asserts, it is not here for review on an order overruling a general demurrer to the second amended petition.

The appellant's theory on this point is that an action in the state of Missouri *in rem* is inconsistent with a *personal action* for the collection of money arising out of the same set of facts, brought in the state of Kansas.

The appellees assert in their brief that "When counsel learned that such action was only an action *in rem* without service upon the appellant, then the first amended petition was filed setting out the merits of the cause of action involved in the Missouri action *in rem* and a money judgment was prayed for against the appellant."

For the reasons heretofore stated, the judgment of the lower court is affirmed.