**T. Val CHRISTIANSEN, Plaintiff and Appellant,**

v.

**UTAH–IDAHO SUGAR COMPANY, a corporation, and Union Pacific Railroad, a corporation, Defendants and Respondents.**

**No. 15751.**

Supreme Court of Utah.

Jan. 24, 1979.

Neils E. Mortenson, of Cohne, Rappaport & Segal, Salt Lake City, for plaintiff and appellant.

Jane R. Seymour, Wilford M. Burton, of McKay, Burton, McMurray & Thurman, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff appeals a summary judgment entered against him in favor of defendant Utah-Idaho Sugar Company ("U & I") in a suit for damages for the alleged breach of covenants under a special warranty deed. We reverse and remand for trial.

Certain facts are not disputed by the parties. In 1916 U & I granted an easement to the Los Angeles and Salt Lake Railroad Company ("L.A. & Salt Lake") for the purpose of a spur railroad track. Subsequently defendant Union Pacific Railroad ("Union Pacific") acquired the right-of-way from L.A. & Salt Lake. In 1945 plaintiff purchased from U & I a parcel of real property through which the easement ran. The conveyance was made by special warranty deed (with no mention of the previously granted easement), for a purchase price of $700. In 1965 plaintiff mortgaged the property to one Terry. In 1973 plaintiff was unable to make the mortgage payments, and the property was sold at public auction and not redeemed.

Plaintiff alleges that he knew nothing of the Union Pacific easement until March 13, 1973 when he was attempting to negotiate the sale or the refinancing of the subject property. The claim is that the encumbrance effectively caused plaintiff to lose possession of the property, and that he was damaged thereby to the extent of approximately $400,000. The complaint was filed on November 11, 1976. Summary judgment is proper only if no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law.[1] We believe serious factual issues remain in the instant case which if resolved in favor of plaintiff would permit him to recover.[2]

There is a question as to when plaintiff received notice of the existence of the easement which is important for purposes of limitation. By statute[3] and also by case law[4] a cause of action for a breach of certain implied covenants[5] in a warranty deed remains viable for six years. A covenant against encumbrances is a covenant to indemnify, and it does not accrue until the grantee is damaged.[6] The time the cause of action accrues therefore, is the time at which the grantee first receives notice, ei-

1. *In re Williams' Estates*, 10 Utah 2d 83, 348 P.2d 683 (1960).

2. *Abdulkadir v. Western Pacific Railroad*, 7 Utah 2d 53, 318 P.2d 339 (1957).

3. U.C.A., 1953, 78–12–23(2).

4. *Soderberg v. Holt*, 86 Utah 485, 46 P.2d 428 (1935).

5. U.C.A., 1953, 57–1–12.

6. Supra, footnote 4; See also *Pacific Bond & Mortgage Co. v. Rohn*, 101 Utah 335, 121 P.2d 635 (1942).

ther actual or constructive, of an encumbrance against his property. Whether plaintiff is deemed to have had constructive notice [7] of the railroad easement must first be resolved, though it would appear that the existence of the easement is not ascertainable from the county records. As to actual notice, it is apparent that at the time plaintiff purchased the property in 1945 the easement was unused, and in fact, it was subsequently designated as "abandoned" by the easement owner, as explained infra. Not only was the easement never used as such by either Union Pacific or its predecessor, but plaintiff constructed a building squarely on the property through which the right-of-way ran. The crucial factual question which must be answered is, "When did plaintiff get notice of the existence of the encumbrance?" Plaintiff claims it was not until March 13, 1973, which would mean that the complaint was clearly filed within the limitation period. U & I asserts plaintiff knew of the easement as early as 1946 [8] when he leased a piece of property from L.A. & Salt Lake which adjoined the subject property. That lease had a plat attached which also showed plaintiff's property with the words "spur track (abandoned)" written in the middle of plaintiff's tract. Although this may well alert plaintiff as to the existence of an easement, the word "abandoned" may arguably also be understood to mean that the easement itself no longer existed. Before the statute of limitations problem can be resolved it must be precisely determined as to when plaintiff first learned of the encumbrance. This is a factual matter which must be resolved at trial.

■ Another factual matter to be decided concerns whether or not plaintiff was ever "evicted" from the property. To recover for a breach of a covenant of warranty (or likewise, a covenant against encumbrances) the complaining party must show he was evicted by one having the paramount title.[9] Further, the eviction may be either actual or constructive.[10]

Plaintiff claims he was "evicted" because his loss of property was the direct result of the easement, the existence of which made it impossible for him to sell or refinance the property. Plaintiff attempted to secure a release of the encumbrance from both U & I and Union Pacific, to no avail. And because he could neither sell nor refinance (due to the existence of the encumbrance), the mortgage was foreclosed against the property. U & I, on the other hand, asserts that plaintiff's loss was the direct result of the failure of his business, and his resultant financial problems. With only the pleadings before us we cannot conclude what actually caused plaintiff's loss.

The summary judgment is therefore reversed and the case is remanded for trial. Costs to plaintiff.

CROCKETT, C. J., and MAUGHAN and STEWART, JJ., concur.

WILKINS, J., does not participate herein.

---

7. In the usual case the grantee of the real property (such as plaintiff) takes subject to the easement when it has previously been recorded. U.C.A., 1953, 57–3–2.

8. U & I's brief states both 1946 and 1956, but it appears that the date referred to is the earlier one in time. Nevertheless, if plaintiff had notice on either of these dates, the limitations period would have long since passed.

9. *East Canyon Land & Stock Co. v. Davis & Weber Counties Canal Co.*, 65 Utah 560, 238 P. 280 (1925).

10. *Wilder v. Wilhite*, 190 Kan. 564, 376 P.2d 797 (1962); See also footnote 9, supra.